A certain house and lot situated in the Town of Chatham, Jackson Parish, Louisiana, was purchased by plaintiff, A.L. Shell, from one W.D. Womack, on March 5, 1923, for a cash consideration of $800; and in evidence of this acquisition there was executed a deed of that date. The immediate recordation of the instrument in the proper conveyance records did not, however, occur.
Subsequently, the house burned and another building was constructed in its stead. In financing the erection of the new structure plaintiff borrowed from the Peoples Bank of Chatham, a defendant herein, the sum of $513, and to secure payment of the loan he gave the lender a mortgage, of date January 24, 1924, covering the lot and improvements thereon.
The grocery business conducted by plaintiff on the premises in the year 1926 was unprofitable, and by reason of this condition *Page 476 
several judgments were obtained against him by creditors. These ripened into judicial mortgages through the process of recordation.
As stated in the brief of his counsel, plaintiff "was desirous of getting rid of these judgments and having them in such a way that he could pay for them gradually"; so during the summer of 1927 he consulted the defendant bank, the holder of the $513 conventional mortgage, relative to a re-financing plan. Growing out of conferences had between plaintiff and the bank's cashier, Charles M. Womack, was an agreement that the bank would purchase and acquire the judgments and plaintiff would transfer the lot and building to it, and that redemption of the property could be effected within one year on plaintiff's reimbursement of all funds expended in purchasing the judgments and on payment of the balance due on the mentioned loan, together with accrued interest.
After acquiring one of the judgments, the bank discovered that the act of conveyance from W.D. Womack to plaintiff, of date March 5, 1923, had not been registered in the records of Jackson Parish. In view of this finding, and being of the belief that the judgments or judicial mortgages held by plaintiff's creditors were ineffective as against the property, the defendant bank obtained a deed in its favor from W.D. Womack. This instrument was dated and filed for record November 10, 1927.
The deed naming plaintiff as the vendee was not recorded until April 23, 1934, or more than ten years after his granting of the mentioned and unpaid mortgage of $513.
In November, 1937, he instituted this suit, attacking the conveyance from W.D. Womack to the Peoples Bank and impleading both of those parties as defendants, in which he prays to be recognized as the true and lawful owner of the property. Alternatively he asks judgment against W.D. Womack in the sum of $800, this being the purchase price paid by him.
The demands of plaintiff were rejected and his suit dismissed, following a trial of the merits of the case; and subsequently, he appealed.
Fraudulent practice is attributed by plaintiff to the defendant bank in the confection of its deed direct from W.D. Womack, he claiming and asserting that such instrument was obtained without his knowledge or consent and for the purpose of taking undue advantage of him after the bank's officers learned that his act of transfer was not of record.
In defense of the charge of fraud, Charles M. Womack, the bank's cashier who handled the transaction, testified that following the aforementioned conferences with plaintiff and the resulting agreement, which provided for the purchasing of judgments and the conveyance with right of redemption, plaintiff was unable to produce his unrecorded evidence of title and stated that it had been lost. Thereupon, said such witness, it was agreeable with plaintiff that W.D. Womack should execute a deed direct to the bank, as this method "would save expense and clear it up sooner and quicker".
It is the testimony of W.D. Womack that he engaged in no conferences with plaintiff after the sale of the property in the first instance; however, he and the other members of the bank's board of directors understood the proposed re-financing plan to be as related and described by the cashier, Charles M. Womack.
But the disputed question of whether or not plaintiff agreed to W.D. Womack's execution of the conveyance instrument direct to the bank seems to us to be of little or no importance in so far as a correct decision of this litigation is concerned. This is because of the fact that plaintiff learned of the assailed deed's existence, together with possession of the property being assumed by the bank, a few weeks after consummation of the redemption agreement, and he has not, during the stipulated one year period or at any time thereafter, tendered the amount due and owing by him to the bank and offered to redeem the property. Neither did he protest the bank's alleged illegal actions until the institution of this suit ten years later. Certainly, a placing in default was necessary and required. This was not done. Under these circumstances, we think that he is without cause to complain herein.
Our announced holding renders unnecessary a consideration of the several exceptions pleaded by defendants, overruled by the trial court, and reurged in connection with an answer to plaintiff's appeal.
For the reasons assigned, the judgment is affirmed. *Page 477